UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-CV-69-KSF

CURTIS WAYNE ISON                                                                          PLAINTIFF

VS:                          **MEMORANDUM OPINION AND ORDER**

WILLIE FALCONBERRY, ET AL.                                                           DEFENDANTS

\*\* \*\* \*\* \*\* \*\*

Curtis Wayne Ison, who is confined in the Northpoint Training Center ("Northpoint") in Burgin, Kentucky, has filed a civil rights complaint under 42 U.S.C. § 1983 [Dkt. 2]. His motion to proceed *in forma pauperis* [Dkt. 3] has been granted by separate Order. [Dkt. 6]

The Court screens civil rights complaints pursuant to 28 U.S.C. § 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). As Ison is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (I) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

I.     FACTUAL BACKGROUND

In his Complaint, Ison alleges that on September 17, 2006, Defendant Deputy Willie Falconberry reported to authorities at the Lincoln County Courthouse that he observed Ison "putting

1

[his] penis back into [his] pants and [his] female visitor put herself out of sight under the stairs" during a visitation period in the basement of the Courthouse. According to Ison, Defendant Falconberry then "changed his story" at three subsequent disciplinary hearings held on October 30, 2006; November 17, 2006; and December 22, 2006. At these hearings, Falconberry testified that "All I [saw] was Inmate Ison adjusting his clothes and zipping his pants. His visitor was wiping her mouth."

As a result of this incident report, Ison was transferred from the community corrections facility where he was housed to Northpoint, a medium security facility. Ison further alleges that the warden at Northpoint cited the alleged inconsistencies in Falconberry's testimony as the basis for his decision to drop the disciplinary charges. Ison finally alleges that the Kentucky Parole Board cited the incident report as a basis for deferring his parole, which was otherwise "almost guaranteed."

Ison also alleges that a few days prior to the events on September 17, 2006, there was an incident with unidentified jail staff that involved the use of the word "nigger," although he does not identify the context in which this conduct occurred or who uttered the term. Ison indicates that he did not file any grievance with respect to these events because "Adjustment Officer decisions are non-grievable issues pursuant to Kentucky Corrections Policy 14.6(II)(C)(4)."

In his Complaint, Ison seeks damages from Falconberry in both his individual and official capacity "for the pain and anxiety he caused." Ison also asserts a claim against Defendant Elem in his individual and official capacities for his failure to properly investigate the validity of Falconberry's assertions. Ison asserts claims against three Defendants solely in their official capacity: Jailer Gooch "for failing to oversee subordinates who caused me wrong"; the "Administration of the Lincoln

County Jail" for no stated reason; and Lincoln County Judge Executive R.W. Gilbert "for his failure to supervise those under his control."

## II. DISCUSSION

The individual capacity claims set forth in Ison's Complaint must be dismissed for failure to state a claim. At the outset, his Complaint must be noted for what it does not allege. While Ison alleges that Falconberry's testimony regarding the incident was different at each of the three disciplinary hearings, nowhere does Ison allege that Falconberry's testimony was false or inaccurately described Ison's conduct at the Lincoln County Courthouse. In similar fashion, while Ison alleges that a racist remark was made by some person during a conversation in which Ison was a participant, he does not allege who made the remark, to whom it was directed, the context in which it was made, nor that the remark had any bearing on subsequent disciplinary charges brought again him. Absent such allegations, Ison has failed to state a claim for any violation of his civil rights. *Preston v. Hughes*, 1999 WL 107970 (6th Cir. 1999) (equal protection claim not supported by adequate factual allegations should be dismissed as conclusory); *Superior Kitchen Designs, Inc. v. Valspar Indus. (U.S.A.), Inc.*, 263 F. Supp. 2d 140, 148 (D. Mass. 2003) ("while the allegations of the complaint are construed favorably to the plaintiff, the court will not read causes of action into the complaint which are not alleged."); *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived ... It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.").

Even if Ison's allegations were more specific and direct, he has failed to state a claim for violation of his due process rights. Ison alleges that as a result of Falconberry's testimony, he was

denied a parole which was otherwise "almost guaranteed," and was transferred from a community corrections center to a medium security facility. The Due Process Clause protects only those rights that are so fundamental that they are implicit in the concept of ordered liberty. *Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002). Because the Supreme Court long ago held that there is no federal constitutional right to parole, *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979), the loss of that right does not run afoul of the Constitution. *Caldwell v. McNutt*, 2006 WL 45275 (6th Cir. 2006) (parole board's reliance on false or inaccurate information in denying prisoner parole did not violate due process where prisoner lacks constitutionally-protected liberty interest in grant of parole); *Preston v. Hughes*, 1999 WL 107970 (6th Cir. 1999) (Kentucky law provides prisoners with no liberty interest in parole). Even if the right in question is protected by the Due Process Clause, the government official's conduct must "shock the conscience" before its deprivation violates the Constitution. *Waddell v. Hendry County Sheriff's Office*, 329 F.3d 1300, 1305 (11th Cir. 2003). The facts alleged in Ison's Complaint indicate at most that Falconberry's testimony was inconsistent regarding the events in question, conduct falling far short of that necessary to support a claim under the Due Process Clause.

Ison also lacks any liberty interest protected by the Due Process Clause regarding the place of his confinement. A prisoner has no constitutional right not to be transferred from one institution to another. *Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir. 1995); *Meachum v. Fano*, 427 U.S. 215 (1976). Nor does Kentucky law provide prisoners with any liberty interest in remaining in one particular place of confinement. *See* KY. REV. STAT. ANN. 196.070(5) (granting Department of Corrections discretion to decide where to place or transfer prisoners). Because Ison lacks a constitutionally-

protected right to stay in a community corrections facility, the denial of that right states no constitutional claim.

Ison's official capacity claims must also therefore fail. Ison asserts claims against Jailer Gooch, the Administration of the Lincoln County Jail, and the Lincoln County Judge Executive, solely in their official capacity. "Official capacity suits...generally represent only another way of pleading an action against an entity of which an officer is an agent ... [An] official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Accordingly, these claims are treated as claims against Lincoln County itself. *Smallwood v. Jefferson County Government*, 753 F.Supp. 657 (W.D. Ky. 1991) (county government is a "person" subject to liability under Section 1983).

Before a claim may be sustained against a municipality, the plaintiff must first establish a constitutional violation by an employee or agent acting on its behalf. But "where no constitutional violation by the individual defendants is established, the municipal defendants cannot be held liable under § 1983." *Bukowski v. City of Toledo*, 326 F.3d 702, 712-13 (6th Cir. 2003); *Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001). Because Ison cannot establish a constitutional violation by the individual capacity defendants, he cannot assert a claim against Lincoln County.

Even if Ison could establish a claim against the named defendants in their individual capacity, the allegations of his Complaint negative the existence of any claims against the county. In *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that local governments may be held liable for damages for constitutional torts committed by their employees only when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover. . . local

5

governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's decisionmaking channels." *Id.* at 690-91.

Ison alleges that his claims against the county are based upon its alleged failure to supervise the conduct of its employees, not that the conduct described in the Complaint implemented a practice or custom expressly or tacitly approved by Lincoln County. Ison's allegation is therefore that the conduct he complains of was the result of Falconberry and Elem's *failure* to follow county policy or custom, rather than the result of their execution of such a policy. Absent an allegation, stated directly or reasonably inferred from the text of the Complaint, that Ison's injury was caused by county policy, he has failed to state a claim against Lincoln County. *Board of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 410 (1997) ("Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee."); *Torres v. Knapich*, 966 F.Supp. 194 (S.D.N.Y. 1997) (to sue a municipality under Section 1983, a plaintiff must assert that his injuries were caused by the execution of a municipal policy or custom). Accordingly, the official capacity claims against Jailer Gooch, the Administration of Lincoln County Jail, and the Lincoln County Judge Executive must be dismissed for failure to state a claim.

### III. CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1) Plaintiff's complaint [Dkt. 2] is **DISMISSED WITH PREJUDICE**.

6

(2)     The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(3)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This 30th day of November, 2007.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge